Nott, J.
The only question in this case is, whether a purchaser of land, under execution, shall, in an action to. recover the possession, be required to shew that the party against whom the exe- *262 cu^on was obtained, had a good title ; or whether the judgment, execution, and sheriff’s deed, .shall be received, as conclusive evidence of title, until the defendant shews a better.
^ the ^anc* had been s°ld as the property of the present defendant, the plaintiff would not be required to go further back than the judgment; but the sheriff’s deed can be no evidence against a third person. Indeed, the law has been so long settled on this subject, by the decisions of our courts, that if I had any doubt on the subject myself, I should now think it ought not again to be called in question. I cannot call to mind any particular case,' where this point has been directly decided in this court; but I know several in which it has been collaterally involved ; and I have not even heard a solitary dictum, that the plaintiff need not produce his whole claim of titles. 1 believe I may say, without the fear of contradiction, that the decisions on the circuits have been uniform, for the last twenty years at least. If there have been any to the contrary, they have not come to my knowledge ; and if there have been none in this court, it has been because the universal opinion of the bar has been that the law was settled. But if there have been no cases embracing the same point, there have been several embracing the same principle. The case of Bodden and Mitchell was an action to try titles to land; sold by the commissioners of confiscated estates. In that case it was contended, that the plaintiff ought not to be driven further back in his chain of title, than to the deed from the commissioners ; but the court required him to shew that the land did belong to the person whose property had been confiscated; and on an appeal to this court, that opinion was unanimously supported.] I would now ask, where is the difference between the two cases in point of principle. In one case a judgment had been obtained against a person ; in the other, his property had been confiscated. But neither the judgment in the one case, nor the act of confiscation in the other, determined any thing with regard to the right to any specific piece of property : and I can see no reason why the sheriff’s deed should be higher evidence in one case, than the deed of the commissioners in the other.
In the same term, a still stronger case was decided by this court, and decided unanimously. One Buffington had mortgaged land to the State, for a loan of paper medium. Not having paid up the instalments and interest, according to the provisions of the act, the. sheriff was ordered by a resolution, or act of the legislature, to sell the mortgaged premises. Alexander M’Kee became the purchaser. In an action for the land he was nonsuited, because he could not *263 shew a title in Buffington : and that decision was confirmed in this „ . , 8 court unanimously.
Here the legislature had directed the specific property tobe sold ; nothing had been left to the discretion of the sheriff: the purchaser w ' * had bought on the faith and credit of the State; yet the court held the sheriff’s deed not sufficient evidence of title. If these cases are not conclusive, it appears to me, we may consider the decisions of this court, as “ sounding brass, or a tinkling cymbal.”
Having considered the case upon authorities, let us now consider it upon principle.
A judgment and execution is obtained against A., the sheriff levies on the property oí B. and sells it to C. He brings his actions against B. who perhaps may hold under a grant a hundred and fifty years old, with a chain of title consisting of fifty different deeds ; yet if by the wear and tear of time, by the ravages of war or fire, or by .accident, a single deed has been lost or destroyed, of if in the subdivisions of any of the large tracts, formerly granted in this Stale, some deeds have gone into one hand, and some into another of the purchasers, and the defendant may not be able to account for the loss or absence, he must lose his land ; because, forsooth, the sheriff lias been pleased to say it belonged to B. and not to A. It would be introducing a new principle, that has never prevailed in this State before. It would be placing the whole country in a state of pure vassallage to the sheriff. Every man would hold his prop, erty of the sovereign will and pleasure of that officer, unless he could trace up his right by a regular, legal chain of title. It would be reversing the long established and universally prevailing rule of law, that the plaintiff must recover on the strength of his own title, and not on the weakness of that of his adversary. I am sensible of the difficulty which will accrue to purchasers, at sheriff’s sales, by this decision ; but it is a difficulty of their own creation. No person is bound to purchase at a sheriff’s sale, and no prudent man will do so, unless he can first ascertain that he can get a good title. The maxim, “ caveat emplor,” applies as well to such purchasers, •as others.
My opinion is, that the motion ought to be discharged.
Smith and Gkimke, Js., concurred.
BRevard, J.
The sheriff’s deed was certainly evidence, together with the execution of a conveyance of all the estate, and vendible interest of John Morris ; but it was not, in my opinion, any evidence of' a legal title in Morris, or that he had a legal interest in the land, which might be seized and sold by the sheriff.
*264 It ¡g not necessary now to decide, what evidence shall be considered sufficient, of a title in a debtor, against whom judgment has' been obtained and execution issued, and land or other property has been taken by the sheriff, by virtue of such execution, where the' evidence of a title, or of a legal and vendible interest, independently of the sheriff’s sale and conveyance,is the question before1 the jury ; or what would be sufficient evidence to go to the jury. Doubtless, there would be great room for presumption ; as it might, and often: would be, the interest of the debtor to conceal the evidence of his title.
Long continued possession would afford strong evidence of title; and, perhaps, being in possession as owner, at the time of the sher<* iff’s levy, ought to be considered, in such case, as sufficient 'prima facie evidence of the title in the occupant, to require contrary evidence to rebut the presumption it would authorize. In this case, however, there was no evidence given, or offered to be given, so far as I have been able to collect, which was sufficient to authorize the jury, upon the most favorable construction of it, to find that John Morris had any legal interest in the land, which the sheriff could sell under execution. I am, therefore, of opinion, that the nonsuit was rightly ordered, and that it ought not to be set aside.